IN THE UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE

HARRIET SILVERGLATE, and JESSE
SILVERGLATE, her husband,

CASE NO.
JUDGE:

Plaintiffs,

v.

MSC CRUISES SA CO dba MSC DIVINA, a Florida
Profit Corporation, and
MSC CRUISES (USA), INC., a foreign corporation,

Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, **HARRIET SILVERGLATE and JESSE SILVERGLATE**, (hereinafter collectively referred to as "**Plaintiffs**"), by his undersigned attorneys, sues the Defendants, **MSC CRUISES SA CO dba MSC DIVINA,** a Florida Profit Corporation, and **MSC CRUISES (USA), INC.**, a foreign corporation, and allege as follows:

## JURISDICTION AND VENUE

1. This is a maritime action for personal injury damages, involving a slip and fall on the defendant's vessel.

2. At all times material hereto, Plaintiffs, are and were residents of Broward County, Florida, over the age of eighteen (18), and are otherwise *sui juris.*

3. At all times material hereto, Defendant, MSC CRUISES SA CO, Inc. ("DIVINA") is and was a Foreign corporation, authorized to do and doing business in the State of Florida pursuant to the laws of the State of Florida, as MSC CRUISES SA CO, providing cruising voyages to paying passengers, and owned and operated a cruising vessel known as the MSC

DIVINA.

4. At all times material hereto, Defendant, MSC CRUISES (USA), Inc. ("MSC") is and was a Foreign corporation, authorized to do and doing business in the State of Florida pursuant to the laws of the State of Florida, as MSC CRUISES (USA), INC., providing cruising voyages to paying passengers, and owned and operated a cruising vessel known as the MSC DIVINA.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1333, which provides original jurisdiction to the United States District Court, exclusive of state courts, of "any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are entitled."

6. This Court has subject-matter jurisdiction pursuant to 28 U.S.C

7. Venue is proper in The Southern District of Florida because the incident giving rise to this action, arose from injuries sustained on a sea going cruise that originated from a location within this District. Further, MSC's principal place of business is within the District. Finally, MSC has agreed, in writing, that jurisdiction and venue are proper in the Southern District of Florida under the terms of the cruise tickets tendered by MSC to Plaintiffs. Copies of the tickets are in the possession of MSC.

8. All conditions precedent to bringing this action have occurred or been waived.

## COUNT I
## PLAINTIFFS' NEGLIGENCE AGAINST MSC

Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 6 above as if fully restated herein and further alleges:

9. At all times material hereto, Defendant, **MSC,** owned, operated, maintained and/or otherwise controlled the vessel DIVINA.

10. At all times material hereto, Plaintiffs, were lawfully on the subject premises at the time of the subject incident.

11. At all times material hereto, Defendant, MSC, owed a duty use reasonable care to protect the Plaintiffs from dangerous condition existing on said premises of which they knew or should have known.

12. On October 28, 2017, Plaintiff, HARRIET SILVERGLATE, was walking through the Jazz Club located on the MSC DIVINA, when she slipped and fell on the tile floor, which caused her to suffer personal injuries to her face.

13. At all times material hereto, Defendant, MSC, and/or its employees, servants or agents, acting in the course and scope of their employment, were negligent in on or more of the following non-exclusive ways:

   a. Not properly placing warning signs in or around the register that there was a danger of slipping because of the condition of the tiled flooring;

   b. Creating and/or permitting a dangerous and unsafe condition, to-wit: failing to keep the tiled flooring safe where it is foreseeable that the tiled flooring would, in fact be slippery, which is heavily utilized by employees and passengers alike, constituting a slip hazard;

   c. Failing to ensure that the flooring surface was uniformly even and free from loose, or misplaced items that constitute a slip hazard;

   d. Failing to keep the subject flooring free from slip hazards when they knew or should have known that passenger walked on the flooring while on the ship;

   e. Failing to remedy a hazardous condition of which they knew or should have known;

    f. Failing to maintain the surface of the subject flooring located inside the subject vessel;

    g. Failing to adopt and enforce reasonable protocols, policies and procedures for inspecting, cleaning, and/or maintaining flooring inside the subject vessel;

    h. Failing to comply with required and/or accepted industry practices, standard and/or code;

    i. Otherwise owning, maintaining, possessing, or controlling the premises where the subject incident occurred in a dangerous, hazardous and unsafe condition;

    j. Failing to inspect the premises for hazardous conditions;

    k. Failing to have proper procedures to identify such dangerous, hazardous, and unsafe condition; and

    l. Other negligent actions and/or omissions to be determined through discovery.

13. The latent dangerous condition was created by and/or was known to the Defendant or his employees or had existed for a sufficient length of time so that Defendant or his employees knew or should have known of its dangerous condition.

14. As a result of Defendant's negligence, Plaintiff, HARRIET SILVERGLATE, was caused to be injured when suddenly and unexpectedly she slipped and fell on the tile flooring in the Jazz Club on the DIVINA while walking on the tile flooring, causing her to be suffering grievous personal injuries requiring medical treatment.

15. As a result, Plaintiff, HARRIET SILVERGLATE, suffered bodily injury and resulting pain and suffering, mental anguish, expense of medical care and treatment. The losses are either permanent or continuing in nature and Plaintiff could suffer losses in the future.

WHEREFORE, Plaintiff, HARRIET SILVERGLATE, pray for:

      a.    judgment for damages;

      b.    cost of suit;

      c.    prejudgment interest where applicable;

      d.    trial by jury as to all issues so triable;

      e.    attorneys' fees where applicable; and

      f.    such other relief as this Court may be deem just and appropriate.

## COUNT II
## PLAINTIFFS' NEGLIGENCE AGAINST DIVINA

Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 6 above as if fully restated herein and further alleges:

16. At all times material hereto, Defendant, DIVINA, owned, operated, maintained and/or otherwise controlled the vessel DIVINA.

17. At all times material hereto, Plaintiffs, were lawfully on the subject premises at the time of the subject incident.

18. At all times material hereto, Defendant, DIVINA, owed a duty use reasonable care to protect the Plaintiffs from dangerous condition existing on said premises of which they knew or should have known.

19. On October 28, 2017, Plaintiff, HARRIET SILVERGLATE, was walking through the Jazz Club located on the MSC DIVINA, when she slipped and fell on the tile floor, which caused her to suffer personal injuries to her face.

20. At all times material hereto, Defendant, DIVINA, and/or its employees, servants or agents, acting in the course and scope of their employment, were negligent in on or more of the following non-exclusive ways:

      a. Not properly placing warning signs in or around the register that there was a

danger of slipping because of the condition of the tiled flooring;

b. Creating and/or permitting a dangerous and unsafe condition, to-wit: failing to keep the tiled flooring safe where it is foreseeable that the tiled flooring would, in fact be slippery, which is heavily utilized by employees and passengers alike, constituting a slip hazard;

c. Failing to ensure that the flooring surface was uniformly even and free from loose, or misplaced items that constitute a slip hazard;

d. Failing to keep the subject flooring free from slip hazards when they knew or should have known that passenger walked on the flooring while on the ship;

e. Failing to remedy a hazardous condition of which they knew or should have known;

f. Failing to maintain the surface of the subject flooring located inside the subject vessel;

g. Failing to adopt and enforce reasonable protocols, policies and procedures for inspecting, cleaning, and/or maintaining flooring inside the subject vessel;

h. Failing to comply with required and/or accepted industry practices, standard and/or code;

i. Otherwise owning, maintaining, possessing, or controlling the premises where the subject incident occurred in a dangerous, hazardous and unsafe condition;

j. Failing to inspect the premises for hazardous conditions;

k. Failing to have proper procedures to identify such dangerous, hazardous, and unsafe condition; and

l. Other negligent actions and/or omissions to be determined through discovery.

21. The latent dangerous condition was created by and/or was known to the Defendant or his employees or had existed for a sufficient length of time so that Defendant or his employees knew or should have known of its dangerous condition.

22. As a result of Defendant's negligence, Plaintiff, HARRIET SILVERGLATE, was caused to be injured when suddenly and unexpectedly she slipped and fell on the tile flooring in the Jazz Club on the DIVINA while walking on the tile flooring, causing her to be suffering grievous personal injuries requiring medical treatment.

23. As a result, Plaintiff, HARRIET SILVERGLATE, suffered bodily injury and resulting pain and suffering, mental anguish, expense of medical care and treatment. The losses are either permanent or continuing in nature and Plaintiff could suffer losses in the future.

WHEREFORE, Plaintiff, HARRIET SILVERGLATE, pray for:

a. judgment for damages;

b. cost of suit;

c. prejudgment interest where applicable;

d. trial by jury as to all issues so triable;

e. attorneys' fees where applicable; and

f. such other relief as this Court may be deem just and appropriate.

### COUNT III
### LOSS OF CONSORTIUM BY JESSE SILVERGATE

24. Plaintiff, JESSE SILVERGLATE, repeats and incorporates all prior allegations, as though fully stated herein.

25. At all material times Plaintiff, JESSE SILVERGLATE, were married, having been continuously married since August 6, 1978.

26. As a result of the injuries suffered by Plaintiff, HARRIET SILVERGLATE, JESSE SILVERGLATE, has suffered Loss of Consortium damages, including, but not limited to loss of support and companionship.

## DEMAND FOR JURY TRIAL

The Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

By: _____
CAM F. JUSTICE
Fla. Bar No. 119105
ADAM D. BREIT
Fla. Bar. No. 102541
JUSTICE LAW
8551 W. Sunrise Blvd., Suite 300
Plantation, FL 33322
T: 954-515-5656
F: 954-515-5657
Eservice:
justicepleadings@justiceinjurylawyer.com
***Attorneys for Plaintiffs, Silverglate***

## Certificate of Service

**We hereby certify** that a true and correct copy of the foregoing was initially served with process I accordance with Fla. R. Civ. Pro. 1.070 And Fla. Stat. 48.031.

_____
CAM F. JUSTICE
Fla. Bar No. 119105
ADAM D. BREIT
Fla. Bar. No. 102541